UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL TRAYNOR,<br><br>            Plaintiff(s),<br><br>    v.<br><br>COLORADO CASUALTY INSURANCE COMPANY aka/dba SAFECO INSURANCE, et al.,<br><br>            Defendant(s). | Case No. 2:16-CV-251 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Colorado Casualty Insurance Company's motion for declaration of offset. (ECF No. 16). Plaintiff filed a response (ECF No. 24), and defendant filed a reply (ECF No. 26).

### I.     Background

On January 13, 2016, plaintiff filed a complaint in Nevada state court alleging breach of contract against defendant regarding insurance coverage for medical treatment in connection with a December 15, 2011, automobile accident with an underinsured driver. (ECF Nos. 1-1, 16). On February 8, 2016, codefendant United Financial Casualty Company removed this case to federal court. (ECF No. 1).

Plaintiff asserts that, as of October 6, 2015, he had "incurred medical expenses from health care providers in excess of $185,000.00 with future recommended medical expenses of over $200,000.00" and now seeks coverage pursuant to an agreement with defendant, manifested in policy number PLPW289540. (ECF No. 1-1 at 4–5). Accordingly, plaintiff alleges two claims for breach of contract. (*Id.* at 5–6).

In the instant motion, defendant contests that plaintiff would have been eligible for worker's compensation, but he did not apply for the same. (ECF No. 16). As a result, defendant requests a declaration that "Colorado Casualty Insurance Company is entitled to an offset of

James C. Mahan
U.S. District Judge

amounts to which [plaintiff] was eligible to receive from workers' compensation insurance, including all medical specials, lost wages, and any permanency found to be applicable." (*Id.* at 8) (emphasis removed). To this end, plaintiff refers to its language in its "limit of liability" section of the applicable insurance policy, which states:

> No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy . . . .
> D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
> 1. *Workers' compensation law*; or
> 2. Disability benefits law.

(ECF No. 16-1 at 174) (emphasis added).

Plaintiff responded that, in light of the Nevada Industrial Insurance Act ("NIIA") and the instigating driver's negligence, he is not obligated to pursue workers' compensation before seeking coverage from an insurance policy, particularly when that insurance policy is between and individual and the insurance provider—not an employer. (ECF No. 24). Additionally, plaintiff offers that Nevada Revised Statute 616C.215 and case law allow him to pursue full recovery from defendant. (*Id.*). Finally, plaintiff asserts that the terms of the policy do not exclude benefits to plaintiff because "he is not entitled to receive payment through the NIIA" and any estimate as to the amount he would have received would be mere speculation. (*Id.* at 8–9).

Defendant replies that the relevant policy language explicitly "excludes coverage if the insured is entitled to workers' compensation benefits." (ECF No. 26 at 3). Moreover, defendant asseverates that a favorable ruling would not be against public policy, particularly since plaintiff elected not to claim those benefits he allegedly was eligible to receive. (*Id.*).

**II.     Legal Standard**

"Nevada law permits an automobile insurer to exclude coverage for medical expenses to the extent the expenses are paid by worker's compensation insurance in order to prevent a double recovery by the insured." *Rubin v. State Farm Mut. Auto. Ins. Co.*, 222 F.3d 750, 751 (9th Cir. 2000); *see also Phelps v. State Farm Mut. Auto. Ins. Co.*, 917 P.2d 944, 947 (1996).

> [I]n determining an insurance policy's meaning, we should examine the language from a layperson's viewpoint. Additionally, an insurer that intends to restrict a policy's coverage must use language that clearly communicates the scope of the limitation to the insured. Finally, any ambiguity or uncertainty in the policy must be construed against the insurer and in favor of coverage for the insured.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Rubin*, 43 P.3d 1018, 1020 (Nev. 2002) [hereinafter *Rubin II*] (footnotes omitted). "A contract is ambiguous when it is subject to more than one reasonable interpretation. Any ambiguity . . . should be construed against the drafter." *Anvui, LLC v. G.L. Dragon, LLC*, 163 P.3d 405, 407 (Nev. 2007). Finally, "parties are free to contract, and the courts will enforce their contracts if they are not unconscionable, illegal, or in violation of public policy." *Rivero v. Rivero*, 216 P.3d 213, 226 (Nev. 2009).

### III.  Discussion

The policy terms offered by defendant as the basis of its motion are either inapplicable or risk being ambiguous or impermissibly draconian. Parts B and C of the "Limit of Liability" section of the policy seek to prevent "duplicate payment"; here there has been no payment from workers' compensation—the subject of the present motion. (ECF Nos. 16, 16-1). There is no risk of "duplicating" something that does not exist.[1]

Next, the terms of part D of the offered policy language are concerningly absolute and vague: "We will not pay for *any* element of loss if a person is entitled to receive payment for the same element of loss under [workers' compensation law]." (ECF No. 16-1 at 174) (emphasis added). This use of the comprehensive phrase "any element" is troubling in light of the policy's lack of the definition of the term "payment"; a lay person could read that clause to mean that a comparatively tiny "payment" could eliminate defendant's obligation to provide benefits—regardless of their value. *See Ruben II*, 43 P.3d at 1020. Therefore, this "uncertainty" in the policy language requires a reading of the policy text adverse to defendant and in favor of coverage. *Id.*; *see also Anvui, LLC*, 163 P.3d at 407.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for declaration of offset (ECF No. 16), be, and the same hereby is, DENIED.

DATED January 31, 2017.


UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the policy does not define the term "element of loss," which may be ambiguous. (ECF No. 16-1); *see Ruben II*, 43 P.3d at 1020. However, the court does not need to decide this question of ambiguity or confusion for the present motion.

**James C. Mahan**
**U.S. District Judge**