UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL TRAYNOR,<br><br>Plaintiff(s),<br><br>v.<br><br>COLORADO CASUALTY INSURANCE COMPANY aka/dba SAFECO INSURANCE, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-251 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff Michael Traynor's objections to Magistrate Judge Leen's granting defendant United Financial Casualty Company's ("United") motions to strike. (ECF No. 54, 55). United has filed corresponding responses. (ECF No. 58, 59).

**I.      Introduction**

It is helpful here to review the objections in the opposite order than they were filed due to the first objection's logical relationship to the second. The second objection is based upon the magistrate judge's alleged error of striking Dr. Jeffery Gross's Medical Life Care Plan and plaintiff's fourth supplemental disclosure. (ECF No. 55). Plaintiff argues that "Mr. Traynor's need for future medical treatment could only be ascertained after his recovery from the March 1, 2016, cervical surgery," so "Dr. Gross's October 24, 2016, Report is a proper supplemental report under [Federal Rule of Civil Procedure] 26(e) as it is based on information that was not available to Dr. Gross at the time of any prior Report or Opinion." (*Id.* at 3).

Plaintiff also objects to the magistrate judge striking plaintiff's fifth supplemental disclosure and Dr. Terrence Clauretie's report calculating a present value of plaintiff's future medical costs because plaintiff did not anticipate a need for Dr. Clauretie's report until Dr. Gross

submitted his October 26, 2016, medical life care plan. (ECF No. 54). In particular, plaintiff argues that this delayed submission was "substantially justified and harmless" because the timing of Dr. Clauretie's report depended on Dr. Gross's late submission. (*Id.*). Thus, if Dr. Gross's report was inexcusably tardy, then Dr. Clauretie's report likely is also.

United responds, *inter alia*, that rule 26(e) does not simply permit disobedience towards scheduling orders and that plaintiff has submitted no authority indicating that a doctor requires a six-month post-surgery period to discern whether additional medical treatment is needed. (ECF No. 59).

## II.     Legal Standard

The court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Anderson v. Equifax Info. Services LLC*, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit *de novo* review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion." (citation omitted)).

Federal Rule of Civil Procedure 37 governs a court's ability to impose sanctions for a party's failure to make disclosures or cooperate during the discovery process. Specifically, rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

## III.    Discussion

### a. Dr. Gross's report

The court agrees with United's reasoning regarding Dr. Gross's report. *See* (ECF No. 59); *see also Allstate Ins. Co. v. Balle*, No. 2:10-CV-02205-APG, 2013 WL 5797848, at *2 (D. Nev.

Oct. 28, 2013). As United points out, "[i]nitial expert disclosures in this case were due August 8, 2016." (ECF No. 58). However, plaintiff disclosed Dr. Gross's Medical Life Care Plan on October 26, 2016. (*Id.*). Plaintiff offers that "[w]ithin the medical community, six (6) months after surgery is generally considered the reasonable time at which to assess the 'permanent' status of a surgical patient." (ECF No. 55 at 8). However, plaintiff makes this statement without a citation to, or declaration from, any medical authority. (*Id.*).

Furthermore, plaintiff asserts that United has not suffered prejudice both because the stricken report provides a valuation for future medical needs that plaintiff asserts it is permitted to discuss anyways and because defendant had opportunities to question Dr. Gross about the new report. (ECF No. 55).

United contests this assertion, referencing the need to not only re-interview Dr. Gross but also "retain new experts, including economists." (ECF No. 59 at 3). United suggests that these services would not be performed *gratis*. (*Id.*). Therefore, even without considering the additional impact of an extended pretrial schedule, defendant persuasively indicates that reversing the magistrate's decision would cause prejudice. (*Id.*). Continuance would not alleviate this harm, and United would incur these expert fees trying to cure the surprise. *See* (*id.*); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012).

In light of the lack of a satisfactory explanation for the delay to examine plaintiff and issue a report until after the relevant disclosure period had elapsed, and the cost of additional experts, plaintiff's dilatory disclosure of Dr. Gross's report is neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1).

    b. *Dr. Clauretie's report*

Plaintiff concedes that the late entry of Dr. Clauretie's report into the present case is a product of the late entry of Dr. Gross's report. *See* (ECF No. 54). Because the latter report's delay was not justified, neither is the corresponding post-deadline entry of Dr. Clauretie's report.[1]

---

[1] In fact, plaintiff argues that Nevada law does not actually require the present-value calculations that Dr. Clauretie's report would provide. (ECF No. 54).

The court now turns to the "harmless" inquiry. This report is likely a greater surprise to the defendant than Dr. Gross's report, in light of plaintiff's statement that "Dr. Clauretie's involvement in this case was a surprise to all parties." (ECF No. 54). In addition, United also asserts here the argument that new experts, such as economists, would be necessary to contest Dr. Clauretie's findings. (ECF No. 58). Unlike with Dr. Gross, it appears that there has been no previous deposition of this expert. *See* (ECF Nos. 54, 58). Consequently, it appears that the court's reasoning to deny the previously analyzed objection (ECF No. 55) extends to this objection (ECF No. 54) as well. *See R & R Sails, Inc.*, 673 F.3d at 1247.

### IV. Conclusion

In sum, both of plaintiff's objections to the magistrate judge's order will be denied for failure to show justification or harmlessness, pursuant to rule 37(c)(1).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's objections to the magistrate judge's order to strike (ECF Nos. 54, 55) be, and the same hereby are, DENIED.

DATED May 9, 2017.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -